Davis, P. J.
(dissenting).—I cannot concur with views of my brother Daniels in this case. Assuming that the plaintiff put the wrong amount of fare in the box, it was no fault of the driver that he did so. There was no evidence of it but the plaintiff’s assertion, but if there were the driver had no authority to correct the error. He had no access to the box and could not return the deposited fare, and an attempt to do so by forcing open the box would have been unjustifiable on his part; as he was not permitted to receive fares he had no money of the company which he could use to correct the mistake. To clothe drivers with power to refund for alleged mistakes would subject the company to such frauds by collusion with claimants as would overturn all the safeguards adopted by the company to prevent the embezzlement of their fares by the driver or persons in collusion with him. A person who makes the mistake of depositing the wrong fare is responsible for the consequences of his own act, and is subject to all reasonable *539 rules as to the mode of its correction. It is not unreasonable that he shall apply to the company and not the driver. His carelessness brings this upon himself, and though it may be onerous to seek relief at the office, it is not unreasonable to require him to do so. But to hold that such a person, by reason of his mistake, is authorized to collect and keep the fares of other persons is going altogether too far. It makes him judge, jury and executioner in his own case, a procedure which the law does not sanction. It would open a wide field for fraud and larcenies if every person who makes or asserts a mistake on depositing his fare may at once collect from incoming passengers whatever amount he chooses to assert that he has paid. The thieves -of the city would do a thriving and profitable business on the cars if such a practice were held lawful. Besides the taking of another fare by such a person is not payment of the fare by that person. He or she is bound to put it in the box, and entrusting it to a stranger is not discharging the obligation of the passenger, and especially is that the case when the passenger knows that the stranger intends to keep it on his claim of overpayment of his own fare. Such a rule as the opinion asserts would lead to the great embarrassment of innocent persons whose fares happened to be captured by one who had made a mistake, or claimed he had made a mistake, in depositing his own fare. The plaintiff in this case was guilty of a wrong in his attempting to rectify his mistake if he had made one in the manner he did. It led to the alleged arrest for which he was alone to be blamed. I think also if he were charged by the driver the next morning with larceny the company were not responsible for that act. The plaintiff was in custody for disorderly conduct. The company had not authorized the driver to make' another charge on the following day, and were not responsible if it were done.
I think the judgment should be affirmed.